

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHAUNTEL E. POTTS, individually and on behalf of all other similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 06 C 4766<br>)<br>) Judge John W. Darrah |
| UNITED PARCEL SERVICE, Inc., | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Shauntel E. Potts, individually and on behalf of all others similarly situated, filed suit against Defendant, alleging violations of the Illinois Minimum Wage Law ("IMWL") and twenty-four other state wage laws[1] and the Fair Labor Standards Act. Potts seeks recovery under these statutes as well as under the equitable remedies of *quantum meruit* and unjust enrichment. Presently before the Court is Defendant's 12(b)(1) Motion to Dismiss.[2]

## BACKGROUND

A reading of the Class-Action Complaint supports the following summary of the alleged operative conduct of the parties.

---

[1] Alaska, Arkansas, Colorado, Connecticut, District of Columbia, Indiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Washington and Wisconsin.

[2] UPS initially sought to dismiss Potts' *quantum meruit* and unjust enrichment claims under Fed R. Civ. P. 12(b)(6) – that motion was denied in open court, leaving only UPS's 12(b)(1) motion regarding Counts I and II.

United Parcel Service ("UPS") is a Delaware corporation whose principal office is located in Atlanta, Georgia. UPS is a $36 billion domestic corporation doing business throughout Illinois and in all of the States and Territories of the United States of America. UPS is the sole entity that controls, oversees, and directs the operations of its facilities, including its employment practices.

Potts was employed by UPS from July 12, 2004 until July 6, 2006, as a management trainee for the Industrial Engineering Department. Throughout her employment, Potts received a fixed salary and was considered a salaried/management employee. Despite this classification, Potts did not perform management activities. Instead, Potts' job duties/responsibilities were non-exempt clerical tasks – such as producing reports to be used by management, communicating with other facilities about resource placement, secretarial tasks, handling customer complaints, and assisting managers with tasks that they needed done but did not want to do themselves.

During her employment with UPS, Potts did not direct the work of any other employees, manage or supervise any employees, exercise discretion and independent judgment in her job duties, have the authority to make independent choices free from the immediate direction or supervision of other management personnel, have the authority to make any tangible employment decisions for any UPS employee,[3] or participate in the development or implementation of any UPS company policy.

Potts and all other similarly situated employees, including management trainees, supervisors, specialists, and all other categories of employees who were not engaged in activities directly affecting the safe operation of vehicles in interstate commerce, were classified as

---

[3] Including hiring, firing, demoting, promoting, assigning, or disciplining any UPS employee.

2

exempt employees. As a corollary, even though Potts and members of the Class were scheduled and required to work a minimum of fifty-five hours per week, they were not compensated at time-and-a-half for hours in excess of forty per week. Exempt employees earn no additional compensation beyond their fixed salary for hours worked in excess of forty per week. Additionally, Potts and all other misclassified employees did not receive adequate employer contributions for FICA and other employer payroll taxes.

UPS's actions of misclassifying employees as exempt were not inadvertent or sporadic but widespread and part of a pattern and practice of conduct affecting all of its employees. Potts and other similarly situated misclassified employees should have been paid hourly and should have been paid overtime wages. As a result of these actions, Potts and the other members of the Class suffered damages.

## ANALYSIS

Defendant first argues that Potts lacks standing to challenge exemption decisions for jobs she never held.

The plaintiff bears the burden of proving standing to pursue the claims alleged by demonstrating: (1) an injury in fact – an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of – that is, the injury is fairly traceable to the challenged action of the defendant, not the result of the independent action of some third party not before the court; and (3) a favorable decision likely will redress the injury. *O'Sullivan v. City of Chicago*, 396 F.3d 843, 854 (7th Cir. 2005). In ruling on a 12(b)(1) motion to dismiss for lack of standing, the court accepts as true the factual allegations of the complaint, construes the complaint in favor of the plaintiff, *Perry v. Village of Arlington Heights*, 186 F.3d

826, 829 (7th Cir. 1999); *Am. Fed'n of Gov't Employees, Local 2119 v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999) *(Cohen)*, and considers whether relief is possible under any set of facts that could be established consistent with the complaint. *Cohen*, 171 F.3d at 465. Inherent in establishing standing is that a plaintiff must pursue her own legal rights and cannot base a claim for relief upon the rights of third parties. *Sanner v. Board of Trade*, 62 F.3d 918, 922 (7th Cir. 1995). "If the plaintiff lacks the requisite stake in a controversy at the time the complaint is filed, they cannot bootstrap that element into their claim by means of class-action certification." *Weit v. Continental IL Ntl. Bank & Trust Co.*, 641 F.2d 457, 469 (7th Cir. 1981). Accordingly, a plaintiff must demonstrate individual standing to pursue each claim alleged at the time the complaint is filed without looking to the purported class group of "similarly situated individuals." *Morlan v. Universal Guaranty Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 1998) *(Morlan)*.

Defendant argues that Potts does not have standing to challenge exemption decisions for positions she never held.[4] Specifically, Defendant argues that Potts could not have been impacted by any UPS exemption decision other than the one to classify her industrial engineering management trainee position as exempt due to the differing job duty requirements of the positions and resulting lack of injury in fact. In establishing whether a plaintiff has standing, the court determines whether relief is possible *under any set of facts* that could be established consistent with the complaint. *Cohen*, 171 F.3d at 465 (emphasis added). Defendant attempts to support its argument by adding facts outside of the Complaint as to these other positions – these additional facts are not properly considered at this time. It is possible that the positions of those

---

[4] Potts is challenging UPS's exemption decisions for: (1) Industrial Engineering Management Trainees; (2) Management Trainees; (3) Supervisor Trainees (or other Trainees); (4) Supervisors; (5) Part-time Supervisors; (6) Specialists; (7) Part-time Specialists; (8) and all others similarly situated.

in the purported class, other than Plaintiff's position, differ in name only and that all the job duties factually are the same. Thus, whether Plaintiff has standing as to positions she has not held cannot be determined at this time. Accordingly, at this time, Plaintiff's claims as to positions she never held are not dismissed for lack of standing.

Next, Defendant argues that Potts lacks standing to sue under the laws of states in which she was never employed. Defendant asserts such claims are not viable under these other state laws, which only apply to people working in that state. However, Plaintiff has standing under the Illinois state-law claims. It is possible that some or all of the other state laws are identical to that of Illinois, thus presenting common questions of law. The determination of whether Potts' class action should include similarly situated individuals in other states based on those state laws is better left for the class-certification phase of this action. Accordingly, Defendant's motion to dismiss these claims for lack of standing is denied.

Finally, in paragraph (D) of her Complaint, Potts seeks relief under ERISA for money owed as a result of unpaid overtime wages. Defendant argues that Potts does not set forth a sufficient claim for relief to support recovery under ERISA. In her Response, Potts does not object to the dismissal of the ERISA portion of her Complaint. Accordingly, Defendant's motion to strike paragraph (D) is granted.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is denied; and paragraph (D) of Potts' Prayer For Relief is stricken.

Dated: February 15, 2007

JOHN W. DARRAH
United States District Court Judge